IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

LETTIE MALONE ANDERSON,          :

    Plaintiff,                     :

vs.                              :    CIVIL ACTION 10-00164-KD-B

JUDGE DON DAVIS, *et al.*,        :

    Defendants.                    :

## REPORT AND RECOMMENDATION

Plaintiff, who is proceeding pro se, filed a Complaint and a
Motion to Proceed Without Prepayment of Fees.   (Docs. 1, 2).
Plaintiff's motion to proceed without prepayment of fees was
referred to the undersigned for appropriate action pursuant to 28
U.S.C. § 636(b)(1)(A) and Local Rule 72.2(c)(1). Local Rule
72.2(c)(1) provides for the automatic referral of non-dispositive
pretrial matters, such as Plaintiff's motion, to a Magistrate
Judge.   In addition to considering Plaintiff's motion[1], the
undersigned is also required to screen Plaintiff's Complaint
pursuant to 28 U.S.C. § 1915(e)(2)(B).  Troville v. Venz, 303 F.3d
1256, 1260 (11th Cir. 2002) (applying § 1915(e) to non-prisoner
actions).[2] After carefully screening Plaintiff's Amended Complaint

_____

[1]Plaintiff's Motion to Proceed Without Prepayment of Fees
was granted on April 12, 2010. (Doc. 3).

[2]Section 1915(e)(2)(B) provides:

       (2)  Notwithstanding any filing fee, or any
       portion thereof, that may have been paid, the

(Doc. 4), it is recommended that Plaintiff's action be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(I).

## I. Nature of Proceedings.

After granting Plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 3), the Court screened Plaintiff's original Complaint. The Court found the Complaint was deficient in several respects, pointed them out to Plaintiff, advised Plaintiff of the requirements for pleading a complaint in federal court, and directed that the Pro Se Litigant Guide be sent to Plaintiff for her use. (Id.). Plaintiff was ordered to file an amended complaint to cure these deficiencies and was advised that the amended complaint would supersede the original Complaint. (Id. at 5).

Plaintiff filed a brief Amended Complaint wherein she names one Defendant, Mobile County Probate Judge Don Davis. (Doc. 4 at

---

court shall dismiss the case at any time if the court determines that --

> (A)  the allegation of poverty is untrue; or
>
> (B)  the action or appeal –
> (I) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

1). According to Plaintiff's Amended Complaint, she is suing Defendant Davis under 42 U.S.C. § 1983, under "Article Ninth [Amendment VII] in suit as Common Law," and under "Article the eight of the Bill of Rights [Amendment VI]." (Id. at 2). Plaintiff alleges that Defendant Davis issued decisions that were unfavorable to her on July 9, 2008, August 14, 2008, February 28, 2008, April 1, 2008, and November 13, 2009; that she "was never given the opportunity to prove common law"; and that this is a "[c]ivil action for deprivation of rights." (Id. at 1-2). The Amended Complaint does not contain any other factual allegations. The other allegations in the Amended Complaint merely recite language from the Sixth and Seventh Amendments of the Constitution.

For relief, Plaintiff seeks reimbursement for her payment of house notes for two years; for the money she invested in home repairs; for the proceeds from the life insurance policy that named her, the spouse, as the beneficiary; for property taxes that she paid on two lots for sixteen years; and for the proceeds from an asbestos settlement because they are owed to her as the spouse.

The Amended Complaint is disjointed and contains very few facts. Standing by itself, the Amended Complaint does not clearly convey a plausible claim against Defendant Davis. Although Plaintiff was advised that the Amended Complaint would supersede the original Complaint and, therefore, she should not rely on the original Complaint, the undersigned finds that the original

Complaint helps to clarify some of the allegations contained in the Amended Complaint.

In the original Complaint Plaintiff maintained that Defendant Davis "denied [her] the right to a trial to establish Common-law Marriage which is legal in the state of Alabama." (Doc. 1 at 1). Plaintiff stated that after "sixteen years with [her] deceased husband, Mack Arthur Anderson, [which] were good years most the times[,]" a date for a ceremonial marriage had been set. (Id. at 1-2). Nonetheless, Defendant Davis wrote the Social Security Administration to stop Plaintiff's widow's benefits; however, their minor son still receives his benefits. (Id. at 2). Defendant Davis allegedly deprived Plaintiff and her minor son of money or property in handling the estate which she believes were owed to her. (Id. at 2-3). Plaintiff filed "this suit because an injustice has been committed against [her] by the system." (Id. at 2).

## II. Analysis.

### A. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because Plaintiff is proceeding in forma pauperis, the Court is reviewing the Amended Complaint (Doc. 4) under 28 U.S.C. § 1915(e)(2)(B).[3] Pursuant to § 1915(e)(2)(B)(I), a claim may be

---

[3]The frivolity and the failure-to-state-a-claim analysis contained in Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), was unaltered when Congress enacted 28 U.S.C. § 1915(b)(2)(B) in 1996. Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.), cert. denied, 534 U.S. 1044 (2001). However,

dismissed as "frivolous where it lacks an arguable basis in law or fact."  Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).  A claim is frivolous as a matter of law where, inter alia, the defendants are immune from suit, id. at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist.  Id.

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997).  To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937, 1948, 173 L.Ed.2d 868 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  Twombly, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second brackets in original).

---

dismissal is now mandatory under § 1915(e)(2)(B).  Id. at 1348-49.

When considering a pro se litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney. Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595-596, 30 L.Ed2d 652 (1972). A court, however, does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998). Furthermore, a pro se litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

**B. Discussion.**

**1. Damages Claim Against Defendant Davis.**

Defendant Davis is the probate court judge who handled the estate of Mack Arthur Anderson. (Doc. 1 at 1-2). In a § 1983 action, a judge is entitled to absolute judicial immunity from damages for those acts taken while he was acting in his judicial capacity unless he acted in the "clear absence of all jurisdiction." Stump v. Sparkman, 435 U.S. 349, 356, 362, 98 S.Ct. 1099, 1105, 1107-08 55 L.Ed.2d 331 (1978) (citation and internal marks omitted); Simmons v. Conger, 86 F.3d 1080, 1084-85 (11th Cir. 1996) (same). A judge is entitled to this immunity even though his acts were in error, were malicious, or were in excess of his jurisdiction. Stump, 435 U.S. at 356, 98 S.Ct. at 1105.

Plaintiff complains of Defendant Davis's handling of Mr. Anderson's estate in regard to his decisions concerning her status, the money and property she believed were due her, and his contact with the Social Security Administration. However, determining if Plaintiff was a legal wife, ordering the distribution of assets, and advising appropriate agencies of the court's rulings are functions that an Alabama probate judge typically performs. Thus, the first prong of the Stump immunity test requiring a judge to have acted in his judicial capacity is met.

The next prong of the Stump test is whether Defendant Davis acted in the "'clear absence of all jurisdiction.'" Simmons, 86 F.3d at 1085 (quoting Stump, 435 U.S. at 357). In Alabama, a probate judge has exclusive original jurisdiction over the handling of estates. See ALA. CODE § 12-13-1 (1975), § 12-13-40 (1975), § 12-13-41 (1983). The matters about which Plaintiff complains concern Defendant Davis's handling of Mr. Anderson's estate. As probate judge, Defendant Davis was clearly acting within his jurisdiction when he handled the estate of Mr. Anderson. Cf. Dykes v. Hosemann, 776 F.2d 942, 948 n.17 (11th Cir. 1985) (an example of the "clear absence of jurisdiction" is when a probate judge with jurisdiction over wills and estates tries a criminal case).

While Plaintiff attributes error to Judge Davis's handling of different aspects of Mr. Anderson's estate, an error by a judge in a ruling or in the handling of a case does not divest the judge of

jurisdiction over an action pending before him or her.  See Stump, 435 U.S. at 363-64, 98 S.Ct. at 1108-09 (finding that judicial immunity extends to judicial acts that may contain error).

Because both prongs of the Stump test are satisfied, Defendant Davis is entitled to absolute judicial immunity from Plaintiff's damages claims.  Accordingly, Plaintiff's damages claims against Defendant Davis are frivolous as a matter of law and are due to be dismissed.  See Dykes, 776 F.2d at 945 (finding that the state-court judge who made the custody determination in a juvenile dependency case was entitled to absolute immunity from damages in a § 1983 action); Rolleston v. Eldrige, 848 F.2d 163, 165 (11th Cir. 1988) (affirming the dismissal of the § 1983 action against the state-court judge on absolute immunity grounds and noting that a § 1983 action in federal district court "is neither [an] alternative nor a complement to the appeal of a state trial court decision to a higher state court"); Stegeman v. Georgia, 290 Fed.Appx. 320, 323 (11th Cir. 2008) (unpublished)[4] (finding that in a § 1983 action the probate judge was entitled to absolute immunity for ruling on the estate's temporary administrator's petition to discharge), cert. denied, 129 S.Ct. 1672 (2009).

### 2. References to Constitutional Amendments.

In addition, Plaintiff mentions "Article Ninth [Amendment

---

[4]"Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority."  11TH CIR. R. 36-2 (2005).

VII]" and then quotes from the Seventh Amendment. (Doc. 4 at 2).

The Seventh Amendment provides:

> In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law.

U.S. CONST. amend. VII. This Court is not able to determine a cogent reason for Plaintiff's reference to the Seventh Amendment. If Plaintiff contends that her rights under the Seventh Amendment were violated, such a claim is without merit. <u>Dice v. Akron, Canton & Youngstown R.R. Co.</u>, 342 U.S. 359, 365, 72 S.Ct. 312, 316, 96 L.Ed. 398 (1952) ("[T]he 7th Amendment applies only to proceedings in courts of the United States, and does not in any manner whatever govern or regulate trials by jury in state courts, or the standards which must be applied concerning the same."). In addition, to the extent Plaintiff claims that her rights under the Ninth Amendment were violated, the claim is without merit. <u>Strandberg v. City of Helena</u>, 791 F.2d 744, 748 (9th Cir. 1986) ("[T]he ninth amendment has never been recognized as independently securing any constitutional right, for purposes of pursing a civil rights claim.").

In her Amended Complaint, Plaintiff also mentions "[a]rticle the eight of the Bill of Rights [Amendment VI]" and quotes portions of the Sixth Amendment. The Sixth Amendment provides:

9

> In all criminal prosecutions, the accused
> shall enjoy the right to a speedy and public
> trial, by an impartial jury of the State and
> district wherein the crime shall have been
> committed, which district shall have been
> previously ascertained by law, and to be
> informed of the nature and cause of the
> accusation; to be confronted with the
> witnesses against him; to have compulsory
> process for obtaining witnesses in his favor,
> and to have the Assistance of Counsel for his
> defence.

U.S. CONST. amend VI.  A claim for a violation of the Sixth Amendment is frivolous because the state-court action was a civil action and this is a civil action; thus, the Sixth amendment has no applicability.  Briggs v. Wall, 2009 WL 4884529, at *3 (D.R.I. Dec. 16, 2009) (unpublished) ("[T]he Sixth Amendment . . . is not applicable to a plaintiff's pursuit of civil actions."); Bailey v. Systems Innovation, Inc., 852 F.2d 93, 97 (3d Cir. 1988) ("The sixth amendment, by its terms, is applicable only to criminal actions[.]").  Likewise, to the extent Plaintiff seeks to assert an Eighth Amendment claim, the claim is frivolous as the Eighth Amendment is applicable only to criminal defendants.  Ingraham v. Wright, 430 U.S. 651, 6643, 97 S.Ct. 1401, 1408, 51 L.Ed.2d 711 (1977) (The Eighth Amendment's "[b]ail, fines, and punishment traditionally have been associated with the criminal process[.]").

Whether Plaintiff is seeking to bring an independent claim for a violation of her rights under any of these foregoing constitutional amendments or is seeking to enforce a violation of

these amendments through 42 U.S.C. § 1983, the result is the same - her claims are frivolous and are due to be dismissed.

## III. Conclusion.

Based upon the foregoing reasons, it is recommended that this action be dismissed with prejudice as frivolous, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(I).[5]

The instructions that follow the undersigned's signature contain important information regarding objections to the Report

---

[5]The Court has considered other grounds upon which this action should be dismissed but found them to be inapplicable based upon record before the Court.  Because Plaintiff has only requested damages against Defendant Davis, the Court reasons that the probate exception to the court's federal subject matter jurisdiction is not applicable. Marshall v. Marshall, 547 U.S. 293, 311-12, 126 S.Ct. 1735, 1783, 164 L.Ed.2d 480 (2006)("The probate exception [which] reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal court from endeavoring to dispose of property that is in the custody of a state probate court.").

Additionally, the Court does not have before it information reflecting whether a final judgment was entered by Defendant Davis or whether an appeal of Defendant Davis's judgment was taken and is pending.  In the absence of this information, the Court cannot determine whether this action is barred by the Rooker-Feldman doctrine.  See Nicholson v. Shafe, 558 F.3d 1266, 1279 (11th Cir. 2009) (We "hold that state proceedings have not ended for purposes of Rooker-Feldman when an appeal from the state court judgment remains pending at the time the plaintiff commences the federal court action that complains of injuries caused by the state court judgment and invites review and rejection of that judgment."); see also District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476, 103 S.Ct. 1303, 1311, 75 L.Ed.2d 206 (1983) (relying on Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), the Supreme Court found that "a United States District Court has no authority to review final judgments of a state court in judicial proceedings.  Review of such judgments may be had only in this Court.").

and Recommendation of the Magistrate Judge.

   **DONE** this **10th** day of **June, 2010.**


                              /s/ SONJA F. BIVINS
                         **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(c); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[6] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

---

[6]Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]"  Fed.R.Civ.P. 72(b)(2).

2.	**Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.	**Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

	**DONE** this **10ᵗʰ**  day of **June, 2010.**


	      /s/  SONJA F. BIVINS      
	    **UNITED STATES MAGISTRATE JUDGE**

14